IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Alonzo A. Baldwin, | ) | Civil Action No. 9:10-cv-1115-RMG |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Michael McCall, | ) | |
| Respondent. | ) | |

Petitioner filed this petition pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of counsel. The Magistrate Judge recommended granting Respondent's summary judgment motion. (Dkt. No. 25). Petitioner has not objected to the R&R. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report. Therefore, this Court adopts the Magistrate Judge's report as the Order of this Court and it is incorporated by reference herein.

## Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

1

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996). In addition, when a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). Here, Petitioner cannot meet this high burden for the reasons addressed at length by the Magistrate Judge. Moreover, a thorough review of the Record reflects that Petitioner cannot demonstrate that the South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting this claim or that the Court made objectively unreasonable factual findings. *See Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); 28 U.S.C. § 2254(d), (e)(1).

## Conclusion

Accordingly, the Respondent's motion for summary judgment is **granted** and the petition **dismissed**.

## Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 8, 2010
Charleston, South Carolina